IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

## AT NOVEMBER TERM, 1875.

---

### EZRA M. BREWSTER v. GEORGE BREWSTER.

1. The suit was on an accommodation taken up by the plaintiff; the defendant set up a written agreement, whereby the plaintiff undertook to pay all notes, of every kind, which were then outstanding; in rebuttal the plaintiff offered to show that, at the time of the execution of such agreement, the defendant fraudulently represented the note in suit had been paid—*Held*, such evidence admissible.
2. It is not always necessary to rescind an agreement, when fraudulent, to defend against its effect in part.
3. When, by eliminating the fraudulent element, the contract will stand as the honest agreement of the parties, and full justice can be done, it would seem that such element may, by way of defence, be excluded.

---

The plaintiff produced a note signed by himself, and dated 18th August, 1873, for $1000, payable to the order of the defendant. He then proved that the note was paid by him, and that it was an accommodation note for the benefit of the defendant.

As a bar to the case thus made, the defendant introduced the following agreement, under seal :

"I, Ezra M. Brewster, of the township of Woodbridge, in the county of Middlesex, and State of New Jersey, in consideration of a note of two thousand dollars to me in hand paid by Eliza C. Brewster, of the same place, the receipt whereof is hereby acknowledged, hereby release and discharge George Brewster, and the firm of Brewster & Moore, of which said firm George Brewster and Ellis F. Moore were co-partners, in full from all claims and demands of every nature which I have against the said George Brewster personally, or against the firm of Brewster & Moore, in law or in equity, arising out of any or all contracts, liabilities, acts, and omissions in the past, or which may result from the present condition of things. I furthermore agree to pay any and all notes that are due, or may hereafter become due, on which I have become liable for George Brewster, or Brewster & Moore, and to satisfy the above mentioned Eliza C. Brewster and George Brewster that the said claims have been duly and fully settled by me.

"Witness my hand and seal this 1st day of November, 1873.
    "[Signed,]    EZRA M. BREWSTER. [L. S.]"

In rebuttal of this, the plaintiff then offered to show that he had been induced to sign this agreement, in its present form, by the fraudulent representations that the accommodation note, the payment of which formed the foundation of this suit, had been paid by the defendant.

Argued at June Term, 1875, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Lupton.*

The opinion of the court was delivered by
BEASLEY, CHIEF JUSTICE. The question certified to this court, for its advisory opinion, is whether the evidence offered by the plaintiff, in rebuttal of the case made for the defendant by the sealed agreement, was legal, and should have been admitted.

In substance, the proffer of the plaintiff was to prove that, according to the true agreement between himself and the defendant, he had not stipulated to pay the note in question in this suit, but that such agreement, so far as it in terms extended so as to embrace such note, had been got from him by fraud. I can see no valid objection to this as a defence. Under the influence of our present statute the existence of a seal to this instrument can have no effect. The defence, if received and proved, will have the effect of confining the agreement to its honest purpose. Where fraud enters into a contract, it is not always necessary for the party wronged to rescind it in order to resist its full operation. Thus, if a purchaser buying land discovers, after taking title, that he has been cheated, by means of fraudulent statements with respect to the property, he is not compelled to rescind the agreement, but he can defend and claim an abatement in a suit against him for the price of the land. This rule of practice is well settled, and is stated in the recent case of *Lord* v. *Brookfield*, 8 *Vroom* 552. In such instances, it will be perceived, that the contract is permitted, in substance, to be amended so as to conform to the agreement of the parties, expressed in honest terms ; that is, the price of the land is fixed at the sum agreed upon, minus the fraudulent exaggeration. The practical effect is to let the agreement stand, and to eliminate its fraudulent element. Now that is precisely the offer in the present case. The contention sought to be introduced was, that the terms of the agreement, so far as related to the note in question, were fraudulently introduced, the representation being that the note had been taken up. By the force of such proof, the operation of the agreement would have been circumscribed, so that the instrument would have been rendered inefficacious with respect to its ingredient. It is clear that the justice of the case is thus reached. The agreement in this case comes in collaterally, but the opportunity to defeat it, in whole or in part, must, in such a juncture, be the same as it would be in a suit founded on the covenant. Suppose this note had been paid by the defend-

ant, and he had then sued the plaintiff for a breach of this contract, in not taking up the paper, can there be a doubt that the present imputed fraud would have been then admissible as a defence ? A rescission of a contract, on the ground of fraud, is indispensable only when the design is to vacate its entire obligation ; and it does not occur to me that there is any instance in which it may not be defeated on the same ground, in any part of it, when by so doing full justice to both parties can be done. This doctrine is the natural result of the opposition of the law to the circuity of action. If the present plaintiff could be defeated in his effort to redress the fraud practiced upon him, by showing the infirmity in the instrument now interposed, he could, after such repulse, accomplish precisely the same end by an action founded in the deceit. Such indirection in the remedy would be always inconvenient, and, many times, ineffectual. Counsel have not pointed out any precedent in point, nor am I aware of such, but, reasoning on general principles, my conclusion is, that the defence tendered to the instrument in question, in the present case, was admissible.